# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KING, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01698-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO TERMINATE TRUST ACCOUNT WITHDRAWALS FOR *IN FORMA PAUPERIS* PAYMENT OF FILING FEES**<br><br>**(Doc. 14.)** |

　　　　Plaintiff, Rebio Ronnie Townsend, is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Upon initiation of this action, Plaintiff requested and was permitted to proceed *in forma pauperis*. (Docs. 2, 6.)

　　　　On July 28, 2014, the action was dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (Doc. 11.) On June 1, 2018, Plaintiff filed a motion requesting that the Court no longer deduct further sums from his monthly income toward his fees in this case and eight other cases.[1] (Doc. 14.) Plaintiff's reason for this request is that the Court is withdrawing fees for all of Plaintiff's cases, "but did nothing in the way of helping" Plaintiff on them. (*Id.*)

　　　　A party instituting a civil action is required to pay a filing fee of $350. 28 U.S.C. § 1914. A party who cannot afford to pay that amount in a lump sum, may apply for *in forma pauperis* status under 28 U.S.C. § 1915. This section states:[2]

---
[1] This Court declines to address Plaintiff's motion in his other cases as they will be addressed by the assigned judges.
[2] Although section 1983 uses the word "prisoner," the same section applies to persons such as Plaintiff who are subjected to civil detention.

1

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915 (b)(1)(A),(B). *In forma pauperis* status does not waive the filing fee for incarcerated/detained plaintiffs; rather it allows such persons to make payments on the filing fee until it is paid in full.

Accordingly, Plaintiff's detention and his *in forma pauperis* status require monthly withdrawals from his inmate trust account to make payments on his filing fees for the present action and any other pending civil actions filed by Plaintiff. Such withdrawals will continue until the filing fees in all of Plaintiff's civil actions are paid in full, regardless of whether any of Plaintiff's civil actions are open, or dismissed and closed.

Finally, the filing fees being collected from Plaintiff's trust account are for the administrative origination and maintenance of Plaintiff's case—not for the Court's "help" in a civil action filed by Plaintiff. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and must refrain from issuing advisory opinions, *see Flast v. Cohen*, 392 U.S. 83, 96 (1968). Since Plaintiff is a detained, *pro se* litigant, the Court is required at the pleading stage, where correctable deficiencies exist, to provide applicable standards and opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This was provided in the order that screened and dismissed Plaintiff's original Complaint and granted him leave to file a first amended complaint. (Doc. 10.) However, Plaintiff did not file a first amended complaint, or any other response to the screening order, which resulted in dismissal and closure of this action. (Docs. 11, 12.)

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to terminate *in forma pauperis* withdrawals from Plaintiff's trust account toward the filing fee in this action, filed on June 1, 2018, (Doc. 14), be DENIED.

IT IS SO ORDERED.

Dated: **June 6, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE